IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY E. PERELMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAYMOND G. PERELMAN, JASON GUZEK, and GENERAL REFRACTORIES COMPANY | : : : | NO. 10-5622 |

**ORDER**

**AND NOW**, this 24th day of January 2013, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to File a Third Amended Complaint (Docket No. 109) is **DENIED**.

2. Pursuant to Fed. R. Civ. P. 19(a)(2), Reliance Trust Company is joined as an additional defendant. Plaintiff is **DIRECTED** to add Reliance Trust Company as a party defendant to the Second Amended Complaint and make service of process under Rule 4.

3. The Motion of Defendant General Refractories Company for Judgment on the Pleadings (Docket No. 106) is **GRANTED** to the extent that it seeks:

(a) dismissal of Paragraphs 8(a), 8(b), and 8(c) of the Second Amended Complaint's Prayer for Relief, and to limit Paragraph 8(d) thereof to a request for an audit to determine the Plan's current ability to meet is financial obligations; and

(b) dismissal of that section of Paragraph 9 of the Second Amended Complaint's Prayer for Relief clause seeking as equitable relief for the claims presented that "those provisions of the Pension Plan [ ] which purport to relieve and/or to indemnify the Trustee from responsibility or liability for any obligation or duty owed under ERISA to be declared null and void as against public policy and violative of ERISA."

Paragraphs 8(a), 8(b), and 8(c) of the Second Amended Complaint's Prayer for Relief

clause are **DISMISSED** as to Defendant General Refractories Company.  Paragraph 8(d) of the Second Amended Complaint's Prayer for Relief clause is **DISMISSED** as to Defendant General Refractories Company to the extent that it seeks anything other than an audit to determine the Plan's current ability to meet is financial obligations.  Paragraph 9 of the Second Amended Complaint's Prayer for Relief clause is **DISMISSED** as to Defendant General Refractories Company to the extent that it seeks a declaration that "those provisions of the Pension Plan [ ] which purport to relieve and/or to indemnify the Trustee from responsibility or liability for any obligation or duty owed under ERISA to be declared null and void as against public policy and violative of ERISA."

The Motion is **DENIED** in all other respects.

4. The Motion of Defendants Raymond Perelman and Jason Guzek for Judgment on the Pleadings (Docket No. 107) is **GRANTED** to the extent that it seeks:

(a) dismissal of Paragraphs 8(a), 8(b), and 8(c) of the Second Amended Complaint's Prayer for Relief, and to limit Paragraph 8(d) thereof to a request for an audit to determine the Plan's current ability to meet is financial obligations; and

(b) dismissal of that section of Paragraph 9 of the Second Amended Complaint's Prayer for Relief clause seeking as equitable relief for the claims presented that "those provisions of the Pension Plan [ ] which purport to relieve and/or to indemnify the Trustee from responsibility or liability for any obligation or duty owed under ERISA to be declared null and void as against public policy and violative of ERISA."

Paragraphs 8(a), 8(b), and 8(c) of the Second Amended Complaint's Prayer for Relief clause are **DISMISSED** as to Defendants Raymond Perelman and Jason Guzek.  Paragraph 8(d) of the Second Amended Complaint's Prayer for Relief clause is **DISMISSED** as to Defendants Raymond Perelman and Jason Guzek to the extent that it seeks anything other than an audit to

determine the Plan's current ability to meet is financial obligations. Paragraph 9 of the Second Amended Complaint's Prayer for Relief clause is **DISMISSED** as to Defendants Raymond Perelman and Jason Guzek to the extent that it seeks a declaration that "those provisions of the Pension Plan [ ] which purport to relieve and/or to indemnify the Trustee from responsibility or liability for any obligation or duty owed under ERISA to be declared null and void as against public policy and violative of ERISA."

    The Motion is **DENIED** in all other respects.

                                            BY THE COURT:

                                            /s/ John R. Padova

                                            JOHN R. PADOVA, J.